**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DAVID APPLEGATE, | CASE NO.  5:16-cv-117 |
| Petitioner, | JUDGE POLSTER |
| v. | MAGISTRATE JUDGE VECCHIARELLI |
| JASON BUNTING, Warden, | |
| Respondent. | **REPORT AND RECOMMENDATION** (Doc. No. 7) |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of David Applegate ("Petitioner" or "Applegate") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the case of *State of Ohio v. Applegate*, Case No. 2004-CR-01-0007 (Tuscarawas County).  (Doc. No. 7-1 at Exh. 5.)   The State argues that Petitioner failed to file his petition within the one-year statute of limitations applicable to federal habeas petitions.  (Doc. No. 7.)  Petitioner filed a memorandum opposing the motion.  (Doc. No. 12.)  For the reasons set forth below, Petitioner's § 2254 petition should be DISMISSED.

**I.  Background**

**A.    State Court Proceedings**

**1.  Indictment, Conviction and Sentence**

On February 24, 2004, a Tuscarawas County Grand Jury issued an indictment charging Applegate with three counts of murder in violation of Ohio Revised Code

("O.R.C.") § 2903.02(A) and three counts of involuntary manslaughter, in violation of O.R.C. § 2903.04(A). (Doc. No. 7-1, Exh. 1.) Applegate, through counsel, entered a plea of not guilty to the indictment. (Doc. No. 7-1, Exhs. 2 & 3.) As part of a negotiated plea agreement, on June 1, 2004, the State moved to amend the indictment to one count of involuntary manslaughter in violation of O.R.C. § 2903.04(A) and two counts of felonious assault in violation of § 2903.11(A)(1). (Doc. No. 7-1, Exh. 4.) On June 3, 2004, the trial court granted the motion to amend and Applegate entered a plea of "no contest" to the charges in the amended indictment as part of a negotiated plea agreement. (Doc. No. 7-1, Exh. 5.) The trial court found him guilty of all counts as set forth in the amended indictment. (*Id*.) In accordance with the agreement of the Defendant, the court sentenced Applegate to a term of ten years for involuntary manslaughter, eight years for the first felonious assault, and two years for the second felonious assault – all to be served consecutively for an aggregate term of twenty years incarceration. (*Id*.)

### 2. Direct Appeal

Applegate did not appeal his conviction and sentence.

### 3. Motions for Judicial Release

Over nine years later, on December 31, 2013, Applegate, through counsel, filed his first motion for judicial release. (Doc. No. 7-1, Exh. 6) On April 17, 2014, the trial court overruled the motion. (Doc. No. 7-1, Exh. 9.)

Just a few months later, on August 1, 2014, Applegate, this time proceeding *pro se*, filed a second motion for judicial release. (Doc. No. 7-1, Exh. 10.) On August 15,

2014, Applegate's second motion for judicial release was also denied. (Doc. No. 7-1, Exh. 12.)

### 4. Motion to Vacate Sentence

On November 24, 2014, Applegate, *pro se*, filed a motion to vacate sentence arguing that the trial court erred in utilizing the sentencing package doctrine and in imposing court costs. (Doc. No. 7-1, Exh. 13.) On December 8, 2014, the trial court overruled Applegate's motion. (Doc. No. 7-1, Exh. 15.)

On January 7, 2015, Applegate filed a notice of appeal with the Fifth District Court of Appeals ("state appellate court") raising the following assignments of error:

1.  Trial Court erred in imposing Court costs in its sentencing entry when it did not impose those costs at the time of sentencing in open Court, denying Appellant of his right to *due process* and *equal protection of the law*.

2.  Trial Court improperly employed the sentencing-package doctrine to Appellant's sentence denying him of his constitutional *protection of the law* and his right to due process.

3.  Trial Court erred when imposing sentence due to not notifying Appellant of his Post-Release Control obligation outside of the presence of the Prosecutor denying Appellant his right to *equal protection of the law* and his right to *due process*.

(Doc. No. 7-1, Exhs. 16 & 17) (emphasis in original).

On June 15, 2015, the state appellate court affirmed the judgment of the trial court. (Doc. No. 7-1, Exh. 19.)

### 5. Motion for Leave to File Delayed Direct Appeal

On July 31, 2015, approximately eleven (11) years after his conviction and sentence became final, Applegate, *pro se*, filed a notice of appeal. (Doc. No. 7-1, Exh.

3

20.) The same date, he filed a motion for leave to file a delayed appeal from his June 4, 2004 judgment entry. (Doc. No. 7-2, Exh. 21.) Applegate asserted five assignments of error:

1. Trial Court erred in imposing Court costs in its sentencing entry when it did not impose those costs at the time of sentencing in open court, denying appellant of his right to *due process* and *equal protection of the law*.

2. Trial Court improperly employed the sentencing package doctrine to Appellant's sentence, denying him of his constitutional *protection of the law* and his right to *due process*.

3. Trial Court erred when imposing sentence due to not notifying Appellant of his Post-Release Control obligation outside of the presence of the Prosecutor, denying Appellant his right to equal protection of the law and his right to due process.

4. Trial Court failed to advise of the right to appeal pursuant to Ohio Criminal Rule 32(B)(2).

5. Trial Court erred when convicting of charges that were to be merged as allied offenses of similar import and not determining the conduct of the offender pursuant to Ohio Revised Code 2941.25.

(Doc. No. 7-2, Exh. 22) (emphasis in original). On August 24, 2015, the state appellate court denied Applegate's motion to file a delayed appeal. (Doc. No. 7-2, Exh. 24.)

On September 29, 2015, Applegate filed a notice of appeal with the Supreme Court of Ohio. (Doc. No. 7-2, Exh. 25.) In his memorandum in support of jurisdiction, Applegate set forth as propositions of law the same five arguments raised below. (Doc. No. 7-2, Exh. 26.) On December 16, 2015, the Ohio Supreme Court declined jurisdiction of the appeal pursuant to S. Ct .Prac. R. 7.08(B)(4). (Doc. No. 7-2, Exh 28)

**B.   Proceedings in this Court**

On January 19, 2016, Applegate, *pro se*, filed a § 2254 petition in this Court, in

4

which he raised five grounds for relief:

> **Ground One**: Trial court erred imposing court cost [sic] in its sentencing entry when it did not impose those cost [sic] in open court denying Appellant of his right to due process and equal protection of the law.
>
> **Ground Two**: Trial court improperly employed the sentencing-package doctrine to Appellant's sentence denying [him] of his constitutional protection of the law and his right to due process.
>
> **Ground Three**: Trial court erred when imposing sentence due to not notifying Appellant of his post-release control obligation outside of the presence of the Prosecutor denying Appellant of his right to equal protection of the law and his right to due process.
>
> **Ground Four**: Trial count failed to advise of the right to appeal pursuant to Ohio Criminal Rule 32(B)(2).
>
> **Ground Five**: Trial court erred when convicting of charges that were to be merged as allied offenses of similar import and not determining the conduct of the offender pursuant to Ohio Revised Code 2941.25.

(Doc. No. 1.)

## II. Jurisdiction

A state prisoner may file a § 2254 petition in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Tuscarawas County, Ohio sentenced Petitioner. (Doc. No. 7-1, Exh. 5.) Tuscarawas County is within this Court's geographic jurisdiction. *See* 28 U.S.C. § 115(a). Accordingly, this Court has jurisdiction over Applegate's § 2254 petition.

## III. Timeliness

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214 (April 24, 1996), Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

### A. Application to Applegate

In the case at bar, Respondent asserts that Applegate's petition is time-barred because he did not file within the one-year limitations period. (Doc. No. 7 at pp. 6-11.) For all petitioners who do not pursue a direct appeal all the way to a state's court of last resort, the judgment becomes final at the "expiration of the time for seeking such review." *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012). Respondent correctly asserts that Petitioner's conviction became final on July 5, 2004, thirty (30) days after the trial court sentenced Petitioner and the time to file a timely notice of appeal pursuant to Ohio App. R. 4(A) expired.[1] (*Id*. at p. 7.) Based on this sequence of events, the

---

[1] Ohio App. R. 4(A) requires a notice of appeal to be filed within thirty days of the entry of the order being appealed. Therefore, July 4, 2004 was the last day Applegate could have filed a timely appeal with the state appellate court. However, as July 4, 2004 is a holiday (and

limitations period commenced the next day, on July 6, 2004. *See also* Fed. R. Civ. P. 6(a)(1)(A) ("[E]xclude the day of the act, event or default that begins the period.") The statute of limitations continued to run without interruption until July 5, 2005 when the statute of limitations expired.

Under 28 U.S.C. § 2244(d)(2), a "properly filed" application for state post-conviction or other relief tolls the running of the AEDPA statute of limitations until the state supreme court decides the case or declines review. It is also well established that, "a motion for delayed appeal, even if granted, does not restart the statute of limitations." *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (*citing Searcy v. Carter*, 146 F.3d 515, 519 (6th Cir. 2001)).

Here, Applegate did not pursue a timely direct appeal. In fact, his first state court filing subsequent to his conviction was a motion for judicial release filed in December of 2013 – long after the statute of limitations expired. (Doc. No. 7-1, Exh. 6.) Neither Applegate's motions for judicial release nor any of his subsequently filed motions affect the running of the statutory period. For these reasons, Applegate's petition for a federal writ of habeas corpus, filed after the statutory period had expired, is barred by the statute of limitations unless equitable tolling is appropriate or a later commencement date is justified.

**B. Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of

---

also fell on a Sunday), Respondent concedes that the appeal would have been deemed timely if filed by July 5, 2004. (Doc. No. 7 at p. 7.)

the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Applegate has not expressly argued that the factual predicate of his claims could not have been discovered until a later date. He does, however, argue that his sentences are "void" rendering the judgment against him "not final." (Doc. No. 12 at pp. 2-3.) As this Court understands Applegate's argument, he believes that because no valid, final judgement exists, the statute of limitations never commenced. (*Id.*) Similar arguments – that a void sentence means the habeas statute of limitations never commenced – have been routinely rejected by courts of this district. *See, e.g., Alexander v. Bunting,* 2014 U.S. Dist. LEXIS 78932 at *15 (N.D. Ohio, May 21, 2014) (White, M.J.), *adopted by* 2014 U.S. Dist. LEXIS 78930 (N.D. Ohio June 10, 2014) (Zouhary, J.); *Alford v. Goodrich,* 2014 U.S. Dist. LEXIS 12966, 2014 WL 359996 at * 8 (N.D. Ohio Jan. 31, 2014) (Oliver, J.). Moreover, the Sixth Circuit Court of Appeals has found that even a defective state court judgment "does not lead to the conclusion that there was no judgment for the purpose of [AEDPA]'s one year statute of limitations. Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment. The fact that the state court judgment may have been procured in violation of state or federal law does not, however, render the judgment null under § 2244(d)." *Frazier v. Moore,* 252 Fed. App'x 1, 2007 WL 3037256 at * 4 (6th Cir. 2007). More recently, the Sixth Circuit again observed that "[n]othing in the federal habeas statute requires that a judgment be valid under state law" before the statute of limitations begins to run. *Mackey v. Warden, Leb. Corr. Inst.,* 525 Fed. App'x 357, 2013 WL 1908890 at * 4 (6th Cir. 2013).

8

Accordingly, the Court rejects Applegate's assertion that the statute of limitations never commenced due to an alleged error in his sentence.  Furthermore, Petitioner has failed to identify any other factual predicate that would justify a later start to the statute of limitations period.[2]

### C. Equitable Tolling

"AEDPA's limitations period is subject to equitable tolling, a doctrine that 'allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (*quoting Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)).  In *Hall*, the Sixth Circuit expressly found that equitable tolling should be used only "sparingly" and only if the petitioner establishes (1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way preventing timely filing.  622 F.3d at 749 (*citing Holland v. Florida,* 560 U.S. 613, 130 S. Ct. 2549 (2010)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (finding that it is the petitioner's burden to establish these two elements justifying the appropriateness of equitable tolling).

In his memorandum contra to the motion to dismiss, Applegate does not argue that equitable tolling is warranted.  (Doc. No. 12.)  As such, he has failed to meet his burden.  Even if asserted, the Court finds Petitioner would face an almost insurmountable task to

---

[2] Applegate does not argue that the limitations period should commence at a later date because (1) he was prevented from filing his Petition due to an impediment created by State action in violation of the Constitution or laws of the United States; or, (2) a constitutional right asserted in the Petition was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See § 2244(d)(1)(B), (C).

9

demonstrate diligent pursuit of his rights where he took no action for nearly a decade.

### D. Actual Innocence

Finally, with respect to untimely habeas petitions, the United States Supreme Court has held that there is an "actual innocence" gateway exception and "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations ... a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935, 185 L. Ed.2d 1019 (2013) (noting that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1)) (citations omitted). For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Here, Applegate has not argued that he is actually innocent nor has he presented the Court with any new, reliable evidence demonstrative of his innocence.

### IV. Conclusion

For the reasons given above, the State's motion should be GRANTED (Doc. No. 7) and the § 2254 petition should be DISMISSED.

Date: July 7, 2016                                s/ *Nancy A. Vecchiarelli*
                                                                    U.S. MAGISTRATE JUDGE

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111.