**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DAVID APPLEGATE,** ) | CASE NO. 5:16 CV 117 |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **JASON BUNTING, Warden,** ) | |
| ) | |
| Respondent. ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge Vecchiarelli. (**Doc #: 13** ("R & R").)  The Magistrate Judge recommends that the Court grant the Respondent's Motion to Dismiss (**Doc #: 7** ("Motion")), and dismiss the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by David Applegate (**Doc #: 1** ("Petition")).  The Court has reviewed the Petition, the Motion, the Opposition Brief (Doc #: 12), the R & R, and Petitioner's Objection (**Doc #: 14**) and is prepared to issue its ruling.

**I.**

On February 24, 2004, a Tuscarawas County Grand Jury issued an indictment charging David Applegate with three counts of murder, and three counts of involuntary manslaughter. Applegate entered a plea of not guilty to the indictment.  On June 1, 2004, the State moved to amend the indictment to one count of involuntary manslaughter and two counts of felonious assault as part of a negotiated plea agreement.  The trial court granted the motion to amend and Applegate entered a plea of no contest to the charges.  The court found him guilty on all counts

as set forth in the amended indictment and sentenced Applegate to an aggregate term of twenty years in prison.  The sentencing entry was journalized on June 4, 2004.  Applegate did not appeal his conviction or sentence, which became final on July 5, 2004 – the expiration of the 30-day time period for seeking review under Ohio App. R. 4(A).  His AEDPA one-year limitations period for filing a § 2254 petition began running the following day, on July 6, 2004.  28 U.S.C. § 2244(d)(1)(A).  Absent equitable tolling or a demonstration of actual innocence, it expired one year later on July 6, 2005.

More than eight years later, however, Applegate started filing a flurry of post-judgment motions.  On December 31, 2013, he filed a motion for judicial release, which the trial court overruled on April 17, 2014.  On August 1, 2014, he filed a second motion for judicial release, which the trial court denied on August 15, 2014.  On November 24, 2014, Applegate filed a motion to vacate sentence, which the trial court overruled on December 8, 2014.  On January 7, 2015, he filed a notice of appeal with the Fifth District Court of Appeals, which affirmed the judgment of the trial court on June 15, 2015.  On July 31, 2015, Applegate filed a notice of appeal and a motion for leave to file a delayed appeal from his June 4, 2004 judgment entry.  The appeals court denied the motion to file a delayed appeal on August 24, 2015.  Applegate filed a notice of appeal with the Supreme Court of Ohio on September 29, 2015, which court declined jurisdiction on December 16, 2015.

On January 19, 2016, more than ten years after the expiration of time for filing a § 2254 habeas petition, Applegate filed the pending Petition alleging five grounds for relief:  the trial court's failure to impose court costs and post-release control obligations in open court violated his right to due process and equal protection, the trial court's improper employment of the

sentencing-package doctrine deprived him of due process, the trial court's failure to merge allied offenses of similar import violated state law, and the trial court's failure to advise him of his appeal rights violated a state procedural rule.  He did not articulate any reason for his failure to file the Petition earlier.  Consequently, the Respondent filed the pending Motion to Dismiss asking the Court to dismiss the Petition as time-barred.  Applegate's only defense was that the trial court's failure to merge the allied offenses of similar import rendered the sentence "void," "not final," and that "a void judgment may be attacked at any time, in any proceeding."  (Opp. Br. at 1-2.)

In the R & R, the Magistrate Judge observed that, under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if the factual predicate of the claim or claims was not discovered by a petitioner, acting with due diligence, until a later date.  (R & R at 7-8.)   The Magistrate Judge accurately noted that Applegate did not argue that the factual predicate of his claims could not have been discovered until a later date (presumably, because he couldn't).  And the Magistrate Judge rejected the argument that, because no valid, final judgment exists, the statue of limitations never commenced.  (Id. at 8.)   In support of this principle, the Magistrate Judge cited the following district and circuit court cases: *Alexander v. Bunting*, No. 1:13 CV 1080, 2014 WL 2593982, at *6 (N.D. Ohio Jun. 10, 2014); *Alford v. Goodrich*, No. 1:12 CV 2931, 2014 WL 359996. at *8 (N.D. Ohio Jan. 31, 2014); *Frazier v. Moore*, 252 F.App'x 1, 2007 WL 3037256, at *4 (6th Cir. 2007); *Mackey v. Warden, Leb. Corr. Inst.*, 525 F.App'x 357, 2013 WL 1908890, at *4 (6th Cir. 2013).  The Magistrate Judge also noted that AEDPA's limitations period is subject to equitable tolling, but that Applegate did not argue that equitable tolling applied.  (Id. at 9-10.)  And finally,

the Magistrate Judge noted that Applegate did not argue that he was actually innocent, nor did he present any new, reliable evidence demonstrating his innocence. (Id. at 10.) In sum, the Magistrate Judge recommended that the Court grant the motion to dismiss the Petition as time-barred.

Applegate's Objection does not change anything. Instead of arguing that equitable tolling applies, or that he can demonstrate actual innocence, he simply argues that the AEDPA statute of limitations never commenced because *all five grounds for relief* resulted in void judgments. As the Magistrate Judge has fully and adequately addressed Petitioner's argument and Petitioner has failed to raise anything new, his Objection is overruled.

**II.**

Accordingly, the Court **OVERRULES** the Objection (**Doc #: 14**), **ADOPTS** the R & R (**Doc #: 13**), **GRANTS** the Motion to Dismiss (**Doc #: 7**), and **DISMISSES** the Petition (**Doc #: 1**) as time-barred.

**IT IS SO ORDERED.**

                                             /s/ Dan A. Polster     July 28, 2016
                                             **Dan Aaron Polster**
                                             **United States District Judge**